# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* SHAWNA MAYE GALEHOUSE, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellee,

v

SHAWNA MAYE GALEHOUSE,

      Respondent,

and

SCOTT GALEHOUSE and ROBIN
GALEHOUSE,

      Appellants.

UNPUBLISHED
June 23, 2016

No. 326712
Montmorency Circuit Court
Family Division
LC No. 08-002038-DL

---

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Appellants appeal as of right the trial court's order requiring them to reimburse the Montmorency County Child Care Fund $126,494.22 for the cost of care and services incurred during the out-of-home placement of their daughter, Shawna. We affirm.

This case concerns the validity of a reimbursement order for placement costs when there are overlapping juvenile delinquency and child protective proceedings. Shawna was adjudicated delinquent in juvenile delinquency proceedings in September 2008. Shawna was placed briefly in a detention center and the trial court terminated its jurisdiction over her in March 2009. Shawna was adjudicated delinquent again in 2010. She was subsequently placed in foster care. The child protective proceedings began in February 2011 when an abuse and neglect petition was filed against appellants, alleging that their home or environment was an unfit place for Shawna to live because of neglect, cruelty, drunkenness, criminality, or depravity. The petition also reported that Shawna was "in foster care pending her return home any day." After trial, the trial court assumed jurisdiction over Shawna and ordered appellants to comply with a case service plan. On February 16, 2012, however, this Court issued an unpublished opinion reversing the

-1-

trial court's assumption of jurisdiction and the corresponding dispositional order "[b]ecause the trial court admitted a great deal of improper and damaging hearsay testimony." *In re S Galehouse Minor*, unpublished opinion per curiam of the Court of Appeals, issued February 16, 2012 (Docket Nos. 306088, 306089), p 1. On remand, the abuse and neglect petition was dismissed by the trial court in April 2012.

Throughout the course of the child protective proceedings, Shawna continued to be placed in foster-care homes and public and private institutions. The trial court terminated its delinquency jurisdiction over her in April 2013. In March 2014, appellants were ordered to appear for a show-cause hearing to address the arrearages in each of their accounts for the cost of care and services for Shawna from September 2008 through April 2013. Over appellants' objections, the trial court found that the out-of-home placement orders were proper and ordered that both appellants pay $50 per month toward the account balance until that balance was paid off.

This Court reviews a trial court's findings of fact at a juvenile disposition proceeding for clear error, and the ultimate decision for an abuse of discretion. *People v Brown*, 205 Mich App 503, 504–505; 517 NW2d 806 (1994). "Findings of fact are clearly erroneous if, after review of the entire record, this Court is left with a definite and firm conviction that a mistake has been made." *Id*. An abuse of discretion occurs when a "decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). Issues of statutory interpretation are reviewed de novo. *In re Hudson*, 262 Mich App 612, 613-14; 687 NW2d 156 (2004).

"In juvenile delinquency proceedings, the trial court may . . . issue an order of disposition removing the minor from the home, and it may place the juvenile in a suitable foster care home subject to the court's supervision or in a public or private institution, agency, or facility." *In re McCarrick/Lamoreaux*, 307 Mich App 436, 459; 861 NW2d 303 (2014) (internal quotation marks and citations omitted). "When a trial court commits a juvenile to agency care outside the juvenile's home, MCL 712A.18(2) requires that the cost of care be reimbursed 'by the juvenile, parent, guardian, or custodian . . . .' " *In re Hudson*, 262 Mich App at 614, quoting MCL 712A.18(2). Section 18(2), of the Juvenile Code, MCL 712A.1 *et seq.*, provides in relevant part as follows:

> An order of disposition placing a juvenile in or committing a juvenile to care outside of the juvenile's own home and under state, county juvenile agency, or court supervision shall contain a provision for reimbursement by the juvenile, parent, guardian, or custodian to the court for the cost of care or service. The order shall be reasonable, taking into account both the income and resources of the juvenile, parent, guardian, or custodian.

> \* \* \*

> The reimbursement provision applies during the entire period the juvenile remains in care outside of the juvenile's own home and under state, county juvenile agency, or court supervision, unless the juvenile is in the permanent custody of the court.

"[T]he purpose of this statute is to obligate parties to help shoulder the costs the state incurs during the period that a child is ordered into out-of-home placement." *In re Brzezinski*, 214 Mich App 652, 677; 542 NW2d 871 (1995) (GRIFFIN, J., dissenting), rev'd 454 Mich 890 (for reasons stated in Court of Appeals dissent).

Appellants argue that Shawna was placed outside their home as a result of the abuse and neglect proceeding, and "that parents are not subject to an order for reimbursement when placement of the juvenile was premised on a petition where the court did not obtain jurisdiction." The trial court rejected appellants' arguments after thoroughly reviewing the record and making detailed factual findings that the out-of-home placements were indeed made "pursuant to [the] delinquency proceedings" and that Shawna "was never placed outside the home pursuant to any child protective proceedings." Significantly, the trial court summarized reports and evaluations regarding Shawna from the juvenile case file that recommended Shawna remain in foster care. The trial court further noted that the contents of the file indicated that appellants did not want Shawna returned home. The trial court concluded that Shawna's out-of-home placement was not based on the child protective proceedings. Our review likewise revealed that the trial court's factual findings were based on the record and not clearly erroneous. Thus, the trial court did not abuse its discretion. Moreover, it remains uncontested that the trial court retained proper jurisdiction throughout the delinquency proceedings and had authority to make all of the placement orders in those proceedings.[1] Under these circumstances, there was no error in ordering the parents to reimburse the county for the expended costs attending to Shawna's care and services.

Given our disposition that the placement costs were incurred pursuant to the juvenile proceedings, it is unnecessary for us to address whether a parent has an obligation to reimburse the county for placement costs incurred because of a dispositional order that is later reversed. However, we note that we have previously read MCL 712A.18(2) and MCL 712A.6 as "confer[ring] jurisdiction on the court to obtain reimbursement from certain adults in the child's life *regardless of their culpability for causing the court to remove the child*." *In re Hudson*, 262 Mich App at 614 (emphasis added). Appellants also suggest that the reimbursement order was improper because the state and federal government are responsible for reimbursing the county for the cost of Shawna's care and services. The essence of this argument seems to be that if a county is reimbursed for the costs of care by the state or federal government, then it is improper to order the parents to reimburse the county for the same costs. We disagree with appellants' argument. The clear statutory language of MCL 712A.18(2) does not provide for such a consideration and we will not read into the statute such a provision. *People v Morales*, 240 Mich App 571, 576; 618 NW2d 10 (2000).

---

[1] Appellants assert that a three year out-of-home placement in a juvenile proceeding was unreasonable. However, the court had jurisdiction over Shawna in the delinquency proceedings until she reached 19 years of age or the court terminated its jurisdiction by order. MCL 712A.2a(1); MCL 712A.2(a)(1) and (3). Therefore, although appellants may be correct that out-of-home placement for three years in a delinquency case for "misdemeanors" was unusual, the trial court nonetheless had statutory authority.

Finally, appellants assert the trial court failed to consider properly their income and resources in determining a reasonable reimbursement amount. Appellants fail to explain how the trial court erred in calculating the reimbursement amount, only vaguely contending that there is no requirement that a parent pay the entire cost of placement. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). Further, our review of the record does not reveal plain error. Indeed, there was evidence that appellants actually agreed to the amount being paid each month, and appellants had previously made the same payments.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola